USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: DEC 19 2014

Forrest, K.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE MORGAN STANLEY MORTGAGE PASS-THROUGH CERTIFICATES LITIGATION,<br><br>This Document Relates To:<br><br>ALL ACTIONS. | MASTER FILE NO. 09-CV-2137-KBF<br><br>ECF Case<br><br>CLASS ACTION |

## ~~[PROPOSED]~~ ORDER AND FINAL JUDGMENT

This matter came for hearing on December 18, 2014 (the "Final Approval Hearing"), on the application of the parties to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation" or the "Settlement") are fair, reasonable, and adequate for the settlement between the Public Employees' Retirement System of Mississippi, West Virginia Investment Management Board, NECA-IBEW Health and Welfare Fund, Pompano Beach Police and Firefighters' Retirement System, and Carpenters Pension Fund of West Virginia, on behalf of the Settlement Class, and Defendants Morgan Stanley Capital I Inc., Morgan Stanley Mortgage Capital Inc., Morgan Stanley Mortgage Capital Holdings LLC, Morgan Stanley & Co. Incorporated, Morgan Stanley, David R. Warren, Anthony B. Tufariello, William J. Forsell, and Steven S. Stern, in the above-captioned Action, and should be approved.

The Court having considered all matters submitted to it prior to and at the Final Approval Hearing and otherwise;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order and Final Judgment hereby incorporates by reference the definitions in the Stipulation, and all capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby affirms its certification, for purposes of this Settlement only, of a Settlement Class of all Persons who: (i) prior to December 2, 2008, purchased or otherwise acquired any of the 2006 Certificates pursuant or traceable to the 2006 Offerings and were damaged thereby; or (ii) prior to May 7, 2009, purchased or otherwise acquired any 2007 Certificates pursuant or traceable to the 2007 Offerings and were damaged thereby. Excluded from the Settlement Class are: (1) Defendants, originators of any loans underlying the Certificates, and Defendants' and originators' successors and assigns, and the directors and officers of such entities at all relevant times, as well as members of such Persons' immediate families and their legal representatives, heirs, successors or assigns, and any entity in which any excluded Person has or had a controlling interest, except that affiliates and entities in which such excluded Person has or had a controlling interest other than Investment Vehicles (which are excluded only to the extent provided for in the definition of Investment Vehicles) are excluded from the Settlement Class only to the extent that such entities themselves had a proprietary (i.e., for their own account) interest in the Certificates and not to the extent that they held the Certificates in a fiduciary capacity or otherwise on behalf of any third-party client, account, fund, trust, or employee benefit plan that otherwise falls within the Settlement Class; and (2) Persons that have separately asserted or pursued against Defendants their claims concerning any of the Certificates, including by filing individual actions or privately entering into confidential tolling agreements with Defendants concerning any of the Certificates,

as such Persons are identified on Appendix 1 to the Stipulation. No requests for exclusion from the Settlement Class have been received.

With respect to the Settlement Class, this Court finds, solely for the purposes of this Settlement, that:

(a) the Members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable;

(b) there are questions of law and fact common to the Settlement Class;

(c) the claims by the Class Representatives are typical of the claims of the Settlement Class;

(d) the Class Representatives and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class Members;

(e) the questions of law and fact common to the Members of the Settlement Class predominate over any questions affecting only individual members; and

(f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

4. Notice of the pendency of the Action as a class action and of the proposed Settlement was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of

due process, Rule 23 of the Federal Rules of Civil Procedure, and the Securities Act of 1933, as amended by the Private Securities Litigation Reform Act of 1995, and constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

5. Pursuant to and in compliance with Rule 23 of the Federal Rules of Civil Procedure, Section 27(a)(7) of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, the Court hereby finds that due and adequate notice of these proceedings was directed to all persons and entities who are Settlement Class Members, advising them of the Settlement, and of their right to object thereto, and a full and fair opportunity was accorded to all persons and entities who are Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all Settlement Class Members are bound by this Order and Final Judgment.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Stipulation, and finds that the Settlement is, in all respects, fair, reasonable, and adequate, and in the best interests of the Settlement Class. This Court finds that the Settlement set forth in the Stipulation is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. The Court further finds that the record is sufficiently developed and complete to have enabled Lead Plaintiffs and Defendants to have adequately evaluated and considered their positions. Accordingly, the Settlement embodied in the Stipulation is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

7. The Court finds and concludes that the Settling Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the commencement, maintenance, prosecution, defense and settlement of the Action.

8. The Complaint is hereby dismissed on the merits with prejudice and without costs except for the payments expressly provided for in the Stipulation.

9. Upon the Effective Date of the Settlement, Plaintiffs and all Settlement Class Members, whether or not such Person submits a Proof of Claim Form, shall be deemed to have released, dismissed, and forever discharged the respective Settlement Class Member's Released Claims against each and all of the Released Parties, with prejudice and on the merits, without costs to any party.

10. Upon the Effective Date of the Settlement, Defendants and each of the other Released Parties shall be deemed to have released, dismissed and forever discharged all of the Released Parties' Claims against Plaintiffs, Lead Counsel, and any other Settlement Class Member.

11. The facts and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, the Plan of Allocation methodology, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

(a) shall not be offered or received against Defendants, other Released Parties, Lead Plaintiffs or the other Members of the Settlement Class as evidence of, or be deemed to be evidence of, any presumption, concession or admission by any of the Defendants or other Released Parties or by Plaintiffs or the other Members of the Settlement Class with respect to the

truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or other Released Parties;

(b) shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against Plaintiffs or any of the other Members of the Settlement Class as evidence of any infirmity in the claims of Plaintiffs and the other Members of the Settlement Class;

(c) shall not be offered or received against the Released Parties, Plaintiffs or the other Members of the Settlement Class as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Parties, in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that if this Settlement is approved by the Court, the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

(d) shall not be construed against the Released Parties, Lead Counsel or Plaintiffs or the other Members of the Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

(e) shall not be construed as or received in evidence as an admission, concession or presumption against Plaintiffs or the other Members of the Settlement Class or any

of them that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

12. The Court reserves jurisdiction, without affecting in any way the finality of this Order and Final Judgment, over (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) hearing and determining Lead Counsel's application for attorneys' fees, costs, interest and expenses, including fees and costs of experts and/or consultants; (e) enforcing and administering this Order and Final Judgment; (f) enforcing and administering the Stipulation, including any releases executed in connection therewith; and (g) other matters related or ancillary to the foregoing.

13. A separate order shall be entered regarding Lead Counsel's application for attorneys' fees and Litigation Expenses as allowed by the Court. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

14. A separate order shall be entered regarding the proposed Plan of Allocation. Such order shall not disturb or affect any of the terms of this Order and Final Judgment.

15. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all Orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; (b) the fact of the Settlement shall not be admissible in any trial of the Action and

the Settling Parties shall be deemed to have reverted *nunc pro tunc* to their respective status in the Action immediately before July 23, 2014; and (c) the balance of the Settlement Fund, less any Notice and Administration Costs paid or incurred and less any Taxes and Tax Expenses paid, incurred, or owing, shall be returned in full as provided in the Stipulation.

16. Without further Order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. There is no just reason for delay in the entry of this Order and Final Judgment and immediate entry by the Clerk of the Court is expressly directed.

Dated: New York, New York
12/18, 2014

K. B. Forrest
KATHERINE B. FORREST
United States District Judge